**GILLEY v. MERCHANTS COLD STORAGE CO.**

**No. 13668.**

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1938.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellant.

L. J. Wardlaw and A. L. Wardlaw, both of Fort Worth, for appellee.

BROWN, Justice.

Appellant brought suit against appellee, a corporation, engaged in the cold storage business, to recover damages for alleged negligent handling of a quantity of Irish potatoes that appellant had stored with appellee during the month of June, 1934. The case was tried to a jury, and at the close of the taking of evidence, the trial court gave the jury a peremptory instruction to find for the defendant; and the verdict being returned, the court rendered judgment that the plaintiff take nothing. The appeal is from such proceeding.

There are several reasons why the trial court committed no error in instructing a verdict for the defendant below, and appellee here.

In the first place, the evidence brought out the fact that a portion of the potatoes in question belonged to appellant's sons. The testimony did not show what portion of or particular potatoes belonged to appellant; and it was not shown that appellant's sons had ever assigned the asserted cause of action to appellant.

In the second place, the evidence did not raise the issue of the market value of the potatoes at the time of the injury, had they been in good condition, and the market value after injury. It was shown that some of the potatoes were in marketable condition, after the alleged injury, but neither the quantity nor the market price was shown.

In the third place, no effort was made to show for what length of time the potatoes were to be stored.

It is quite evident that appellant wanted to store the potatoes for some time, and the presumption is, for a rise in the market price, but we and the trial court are left without a guidepost.

The trial court concluded that the evidence adduced by the plaintiff below was

not sufficient to raise an issue of fact for determination by the jury, and we believe the trial court correctly held.

The judgment is affirmed.